

FILED by ___IG___ D.C.
ELECTRONIC

**APR. 28, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

# 08-21238-CIV-LENARD/GARBER

ASHLEY ALEXANDRA DUPRÉ,

    Plaintiff,

v.

JOSEPH FRANCIS, CYRUS KOEWING,
MRA HOLDING, LLC a California Limited
Liability Company; and MANTRA FILMS,
INC., an Oklahoma Corp.
    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ashley Alexandra Dupré ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants and in support thereof states:

### OVERVIEW

This is a claim for unjust enrichment, violations of Florida's unfair competition statute, violations of Florida's unfair and deceptive trade practices act, violation of Florida Statute 540.08, violations of the Lanham Act and Cybersquating.

### THE PARTIES

1.    Plaintiff is an individual who is a resident of New Jersey.

2. Defendant, Joseph R. Francis ("Francis") is an individual who is either a resident of Reno, Washoe County, Nevada or of California. Francis is the owner and controlling person of Mantra and MRA and as such is, responsible for their acts.

3. Defendant, Cyrus Koewing ("Koewing") is an individual who is believed to be a resident of New York.

4. Defendant, Mantra Films, Inc. ("Mantra") is an Oklahoma Corporation with its principal business in the state of California.

5. Defendants, MRA Holding, LLC ("MRA") is a California Limited liability Company with its principal place of business in the state of California.

## VENUE & JURISDICTION

6. This court has jurisdiction over this action under 28 U.S.C. § 1332 based upon the diversity of citizenship between the Plaintiff and the Defendants and since the damages in this action are in excess of the sum of $10,000,000.00 exclusive of interests and costs.

7. All Defendants are subject to the personal jurisdiction in the State of Florida pursuant to Florida Statute § 48.193(2) as they each conduct continuous and systematic business activities within the State of Florida, including but not limited to filming and distributing the videos at issue in the State of Florida and advertising which is purposefully directed into the state. Furthermore, Defendants have engaged in actions and committed torts inside the State of Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391 and 18 U.S.C. § 1965 as a substantial part of the events giving rise to this claim occurred in this district, Plaintiff's

cause of action accrued in this district and the Defendants reside in this district for venue purposes.

COMMON ALLEGATIONS

9. On or about March 12 or 13 of 2003, Plaintiff was on vacation in Miami Beach, Florida during her spring break vacation. At that time, Plaintiff was 17 years of age.

10. On said date, Plaintiff was socializing with friends at the Chesterfield Hotel when she was approached by agents and representatives of Defendants, Mantra and MRA. They offered Plaintiff alcoholic drinks. After Plaintiff became drunk, they induced her into exposing her breasts while being filmed. While drunk, Plaintiff was told to sign a "release". At all times relevant, Defendant Francis is the owner of and person who directs the activities of Mantra and MRA.

11. At the time of these events, Plaintiff did not understand the magnitude of her actions nor that her image and likeness would be displayed in videos and DVDs produced and distributed by Defendants.

12. Defendants (with the exception of Koewing) did not explain to Plaintiff that her image and likeness would be used for advertising and promotional purposes nor did Plaintiff realize this, since she was only 17 years old.

13. At no time did Plaintiff consent to any use of her likeness or image in any manner or to be used for the advertisement or commercial gain of the Defendants.

14. It is the regular business practice of Defendants, Mantra and MRA to induce unsuspecting young girls to perform for their cameras. Defendants Mantra, MRA and

Francis regularly provide alcoholic beverages or other substances to females (often under legal age) or they approach females already under the influence of some intoxicant and coerce them to otherwise engage in lewd conduct.

15. Using these tactics, Defendants Mantra & MRA, acting at the direction of Francis, induced Plaintiff to expose herself to Defendants' cameras.

16. Defendant, Koewing (either acting alone or in concert with the other Defendants) set up one or more websites which he claims to be owner of www.ashleydupre.net, which website uses Plaintiff's name, image and notoriety to draw internet "surfers" to a site that is set up merely to sell videos and DVDs of Defendants Mantra and MRA. This website is written in the first person to induce the viewer to believe it is owned, controlled or endorsed by Plaintiff, when it is not. Rather, the website is designed to sell videos and DVDs of Defendants, Mantra and MRA.

17. Defendants, Mantra and MRA (either alone or acting in active concert with certain persons who have hidden their identity) have set up certain websites including: www.girlsgonewildashleydupre.com,www.ashleyduprecallgirl.com,http:onelivecall.com/ashley_dupree and others which use Plaintiff's name, image and notoriety to draw internet surfers to a site that is set up merely to sell videos and dup's of Defendants Mantra and MRA.

18. Defendants have used Plaintiff's likeness and image through still photographs (obtained from video footage) for the commercial benefit to advertise the Defendants' videos and DVDs specifically the videos called "Girls Gone Wild Spring Break 2003" and "Hookers Gone Wild" wherein Plaintiff's image and likeness are prominently used.

Defendants use of said photographs are illegal and a violation of F.S. 817.071 and 847.001 et seq.

19. Defendants also issued press releases and advertisements claiming that Plaintiff is filmed in these videos "doing a lot of hot lesbian acts". That advertisement is false. Clearly, Defendants have adopted an advertising strategy to induce the pubic to believe that Plaintiff is performing sexual acts in the Defendant's videos and DVD's, when in fact, she is not.

20. Defendants also issued press releases and advertisements claiming that Plaintiff is featured in a video entitled "Girls Gone Wild – Spring Break 2005 Anything Goes." That advertising is false because Plaintiff is not in said video.

21. Defendants also issued press releases and advertisements claiming that they have "hot video of Plaintiff.... When she celebrated her 18th birthday with friends in Florida and spent a week on the Girls Gone Wild bus." These advertisements are likewise false.

22. Defendants also issued press releases and advertisements claiming that "the 2003 Girls Gone Wild video features a hot, racy lesbian spring break video film titled as Spring Break 2003." These advertisements are likewise false.

23. Defendant, Joe Francis, issued press statements and advertisements asserting that he offered Plaintiff $1,000,000.00 for a new video and promotional tour but that he rescinded the offer. That advertisement is false.

24. The videos and DVDs referenced herein have been marketed, advertised, distributed and sold by the Defendants throughout the United States, the world,

specifically within the State of Florida as a result of the foregoing advertising which is designed to capitalize for the Defendants, the Plaintiffs fame and notoriety.

25. Defendants have financially gained by the unauthorized use of Plaintiff's likeness and image in the advertising and marketing of its products without obtaining permission from Plaintiff to do so.

COUNT I- UNJUST ENRICHMENT

26. Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

27. Defendants marketed, distributed and sold the above described videos and DVDs for profit which profit was an unjust enrichment to the Defendants and which resulted from the unauthorized use of Plaintiff's likeness and image.

28. Based upon the Defendants unauthorized use of Plaintiff's image and likeness for profit regarding said videos and DVDs and in conjunction with Defendants' failure to provide any reasonable and fair compensation to Plaintiff, the Defendants have received and appreciated benefits under circumstances by which it would be unfair and unjust for Defendants to retain such benefits without compensation to Plaintiff.

29. As a direct and proximate result of the Defendants unjust enrichment, the Plaintiff has suffered damages.

COUNT II- FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT

30. Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

31. Defendants' acts constitute trademark infringement, false designation of origin, false representation and false description of goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendants acts have cause substantial and irreparable injury to the public and to the Plaintiff's business, reputation and good will.

33. Defendants' acts have resulted in a profit to Defendants.

## COUNT III- UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

34. Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

35. Defendants' acts alleged herein constitute unfair competition and unfair deceptive acts or practices in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1113.

36. Defendants infringing activities are likely to and are actually causing confusion, mistake and deception among members of the public as to whether the Plaintiff is associated with or have endorsed the Defendants' products and websites. Defendant's unlawful activities in utilizing the Plaintiff's name and image has caused and is continuing to cause damage to the Plaintiff.

## COUNT IV- FALSE ADVERTISING

37. Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

38.     This is a claim for violation of §817.41., Fla. Stat., for false and misleading advertising.

39.     Defendants have advertised, including internet advertising and falsely induced the public to believe that Plaintiff is associated with or have endorsed the Defendants' products and/or that Plaintiff is associated with the website promoted by Defendants.

40.     Defendants acts violate §817.41.

COUNT V- VIOLATION OF FLORIDA'S UNFAIR COMPETITION STATUTE

41.     Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

42.     This is a claim for unfair competition in violation of §495.151, Fla.Stat.

43.     Defendants have intentionally infringed upon Plaintiffs' name by using Plaintiff's name in commerce to induce and/or confuse the public to believe that Plaintiff is associated with or have endorsed the Defendants' products including Defendants website.

44.     Defendants' acts violate §495.151, Fla. Stat.

COUNT VI- CIVIL ACTION UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

45.     Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

*46.*    This is an action for damages pursuant to Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.20 *et. seq.*

47. Florida Deceptive and Unfair Trade Practices Act, makes it unlawful for "unfair methods of competition, unconscionable acts of practices and unfair or deceptive acts or practices in a conduct of any trade or commerce." Specifically, Defendants have engaged in activities in the State of Florida and within this district which violate said statute by acting in concert and conspiracy with others to coerce certain individuals, otherwise susceptible to Defendants tactics, (including Plaintiff), to engage in conduct that is graphic or sexual in nature. Specifically, Defendants: (a) failed to properly advise and inform said individuals, including Plaintiff, of their intent regarding the use and exposure of Plaintiff's likeness and image in the body of such videos and DVDs to be marketed, distributed and sold in this district and across the world, (b) failed to advise, inform or otherwise notify Plaintiff of their intent to use her image and likeness without her consent, including on the cover of such videos and in the marketing and advertisement of said videos or DVDs, (c) used Plaintiff's name in a website to falsely induce the public to believe that Plaintiff, who is a public figure, has endorsed or is associated with Defendants' website, and (d) used alcohol to put Plaintiff (a minor) in a diminished state of mental capacity and then induced her to grant consent, so Defendants could video tape Plaintiff. The Defendants have profited from the filming, production, distribution and sale of the videos and DVDs. Defendants created the false impression that Plaintiff has endorsed and/or approves of the graphic, sexual content, including lesbian acts, contained in the video, which in reality she does not. Defendants' and their representatives' actions are taken knowingly, intelligently and with a purpose to deceive or misinform the subjects of their videos, including Plaintiff and others.

48. As a direct and proximate result of the activities and conduct in violation of Florida's Deceptive and Unfair Trade Practices Act, Plaintiff is an aggrieved person as defined by said statute and has suffered damages within the meaning of said statute.

49. Plaintiff seeks to recover her actual damages against Defendants as well as reasonable attorney's fees and court costs under Florida Statutes §501.211 and §501.2105.

## COUNT VII- UNAUTHORIZED PUBLICATION LIKENESS UNDER § 540.08

50. Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

51. This action is for the unauthorized publication of Plaintiff's likeness or image under Florida Statute § 540.08.

52. The Defendants have individually and in conjunction with each other and others, published, printed, displayed or distributed publicly or otherwise used Plaintiff's likeness and image for the purposes of commercial and advertisement gains without the expresses written or oral consent of the Plaintiff. Even if consent was found to be given to Defendants, they exceed the scope of the consent by using Plaintiff's name, image and likeness for advertising purposes.

53. The use of Plaintiff's image without consent of Plaintiff for the commercial, advertising and promotional benefit of Defendants violates Florida Statute § 540.08.

54. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages. Plaintiff seeks to recover damages for all of her losses and injuries caused by

Defendants' conduct, including an amount which would amount to a reasonable fee or royalty. Plaintiff also seeks an award of punitive damages as Defendants' actions were willful, wanton, and in reckless disregard for the health, safety and well-being of Plaintiff and other damages as set for in Florida's Statute § 540.08(2).

## COUNT VIII- VIOLATION OF ANTI- CYBERSQUATTING CONSUMER PROTECTION ACT

55.    Plaintiff realleges and incorporates herein by reference, the allegations contained in paragraphs 1-24 as if set forth herein.

56.    This is an action brought under the Anti-Cyber-squatting Consumer Protection Act, codified as Section 43(d) of the Lanham Act, 15 USC §1125(d).

57.    Defendant Koewing and certain unknown certain persons (associated with Mantra and MRA) have registered a domain name that is identical or confusingly similar to or otherwise dilutive of the name Ashley Dupre, without her permission, and Defendants used that domain site with the intent to deprive Plaintiff registration of the domain site, AshleyDupre.net, girlsgonewildashleydupre.com, ashleyduprecallgirl.com and onelivecall.com/ashleydupre is a bad faith registration as contemplated by 15 USC §1125(d).

   Wherefore, Plaintiff prays that:

   a. On Count I, that Plaintiff be awarded reasonable compensation as determined under the circumstances.

   b. On Count II, that the Defendant's profits derived from the false use of Plaintiff's name and image be disgorged and awarded as damages in

favor of Plaintiff, together with interest and an award of Attorneys fees and Court Costs.

c. On Count III, that the Defendant's profits derived from the false use of Plaintiff's name and image be disgorged and awarded as damages in favor of Plaintiff, together with interest and an award of Attorneys fees and Court Costs.

d. On Count IV, that the Defendant's profits derived from the false use of Plaintiff's name and image be disgorged and awarded as damages in favor of Plaintiff, together with interest and an award of Attorneys fees and Court Costs.

e. On Count V, that the Defendant's profits derived from the false use of Plaintiff's name and image be disgorged and awarded as damages in favor of Plaintiff, together with interest and an award of Attorneys fees and Court Costs.

f. On Count VI, that Plaintiff be awarded her actual damages as well as attorneys fees and costs pursuant to F.S. 501.211 and 501.2105.

g. On Count VII, that Plaintiff be awarded a reasonable royalty, together with an award of punitive damages.

h. On Count VIII, that the Defendants be ordered to forfeit or cancel the domains "AshleyDupre.net," "girlsgonewildasheydupre.com," ashleydupreecallgirl.net and any other domain names wrongly used by Defendants.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this matter be heard by a jury for all matters so triable.

Respectfully Submitted,

WOLFE & GOLDSTEIN, P.A.
Counsel for Plaintiff
Ashley Alexendra Dupré
100 S.E. 2ND STREET, SUITE 3300
MIAMI, FLORIDA 33131
TEL: (305) 381-7115
FACSIMILE: (305) 381-7116

By: RICHARD C. WOLFE
FL. BAR NO. 355607

```
FILED by  IG  D.C.
ELECTRONIC

APR. 28, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is requ of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Ashley Dupre

### DEFENDANTS
JOSEPH FRANCIS
CYRUS KOEWING
MRA HOLDING, LLC
MANTRA FILMS, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard Wolfe, Esq.
Wolfe & Goldstein, P.A.
100 SE 2nd Street, Suite 3300
Miami, FLorida 33131

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (indicate Citizenship of Parties in Item III)

*Handwritten: Date 08CV21238-Lenard/Garber*

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commercial/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. &Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selected Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA(1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW(405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Lanham Act violations for false advertising and related claims. 15 U.S.C. § 1125.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND$

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/28/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 979242 AMOUNT $350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04/28/08